IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-HL1, ASSET-BACKED CERTIFICATES, SERIES 2007-HL1,<br><br>    Plaintiff,<br><br>vs.<br><br>DAMIAN J. MCCANN, LAURA D. MCCANN, UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 11-cv-321-PMF |

**JUDGMENT OF FORECLOSURE AND ORDER OF SALE**

THIS CAUSE COMING on to be heard upon the Complaint heretofore filed by the Plaintiff, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-HL1, ASSET-BACKED CERTIFICATES, SERIES 2007-HL1, by and through its attorney, LAW OFFICES OF IRA T. NEVEL, LLC, and it appearing to the Court that the Plaintiff heretofore commenced this action by filing its Complaint against the Defendants, UNITED STATES OF AMERICA BY VIRTUE OF FEDERAL TAX LIEN RECORDED AS DOCUMENT NUMBER 2011R06536, DAMIAN J. MCCANN, LAURA D. MCCANN,UNKNOWN TENANTS, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, that the Affidavits required to make such UNKNOWN OWNERS parties defendant to this action were duly filed and UNKNOWN OWNERS have been duly and regularly made parties defendant to this action in the manner provided by law;

THAT THE PERSONS designated as UNKNOWN TENANTS, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, have been dismissed by the Plaintiff upon notice.

THE COURT HAVING received an Affidavit of Prove Up and being fully advised in the premises, finds that each of the remaining Defendants in this cause has been duly and properly brought before the

Court, either through service of Summons or by publication, all in the manner provided by law; that due and proper notice has been given to each of the Defendants during the progress of this cause as required by law.

IT FURTHER APPEARING to the Court that all Defendants responded to the Plaintiff's Complaint within the time required by law, but that the Borrowers Damian J. McCann and Laura D. McCann did not respond to Plaintiff's motion for summary judgment.

IT FURTHER APPEARING to the Court that Plaintiff and the United States have entered certain stipulations in lieu of a bench trial, and the Court being fully advised in the premises,

FINDS AS FOLLOWS:

1. That the Court has jurisdiction of the parties to and the subject matter of this cause.

2. That all of the material allegations of the Complaint are true and proven against said Defendants and that the Note has been exhibited in open Court, and that the Mortgage/Trust Deed foreclosed exhibited in open Court, was recorded in the office of the MADISON COUNTY RECORDER OF DEEDS on December 27, 2006, and is known as Document Number 2006R67048; and that copies of the aforesaid evidence of indebtedness and security interest foreclosed have been and are attached to the Complaint, leave has been given to withdraw the originals of said Note and Mortgage and substitute therefore said copies.

3. That the material allegations of the Complaint filed herein are true and proven; that the equities of this cause are with the Plaintiff who is entitled to a Decree of Foreclosure in accordance with the prayer of the Complaint; and that there is, at this time, due to said Plaintiff upon the Note and Mortgage security, each of which has been in said Complaint described, the following amounts:

| | | |
|---|---|---|
| Principal | $ | 164,045.64 |
| Accrued Interest Through August 28, 2012 | $ | 18,781.67 |
| Interest From August 28, 2012 Through September 21, 2012 | $ | 512.88 |

|  |  |  |
|---|---|---|
| Client Advances | $ | 5,863.35 |
| Attorney Fees and Costs | $ | <u>45,854.64</u> |
| Total Due | $ | 235,058.18 |

and a further sum of $21.37 interest per day from September 21, 2012 to the date of any foreclosure judgment entered herein.

The Court further finds that the Defendant, UNITED STATES OF AMERICA, has a valid and subsisting lien on the subject premises by virtue of a federal tax lien recorded as Document Number 2011R06536 in the amount of $28,108.77. Said lien is subordinate and inferior to the lien of the Plaintiff herein.

4. That under the provisions of said Mortgage herein sought to be foreclosed, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed and such expenses are hereby allowed to the Plaintiff.

5. That the Plaintiff's Mortgage is superior to all other Defendants' liens, rights or claims upon the real estate.

6. That in said Mortgage it is provided that the Attorneys for the Plaintiff are entitled to reasonable attorney's fees; that the sum of $44,454.54 has been included in the above indebtedness as aforesaid attorney's fees as provided in the Mortgage, that said sum is the usual, customary and reasonable charge made by attorneys in like cases; that said sum shall be retained by the Attorney for the Plaintiff and that said sum is hereby allowed.

7. That this Court finds that the subject property is a residential property, with a seven month period of redemption.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that if the property is not redeemed according to law, upon expiration of the statutory period of redemption 90 (NINETY) days from the entry of this Order, a Special Commissioner's Sale or other Judicial Sale shall be held and the Plaintiff herein, or his

successor in interest, or assigns, shall be entitled to a Special Commissioner's Deed or other Judicial Sale conveying the subject premises.

IT IS FURTHER ORDERED that unless the Defendants in this cause, or any one of them, within the period of redemption, pay or cause to be paid to Plaintiff the amount required to redeem, the premises hereinafter and in said Complaint described, or so much thereof as may be necessary to pay the amounts found to be due to the Plaintiff, with interest thereon and the costs aforesaid, and which may be sold separately without material injury to the parties in interest, be sold at public venue, upon the expiration of the redemption period as aforesaid, to the highest bidder for cash, by the Special Commissioner Appointed below, **Private Sales Corporation**, as Selling Agent (hereafter, "Appointee") at THE MADISON COUNTY COURTHOUSE, 155 NORTH MAIN STREET, EDWARDSVILLE, IL 62025, or as otherwise designated by said Appointee, and that said Appointee give public notice of the time, place and date of such Sale by publishing the same at least once a week for three (3) consecutive weeks in some secular newspaper of general circulation published in the County of Madison, and State of Illinois; that the Plaintiff or any of the parties to this cause may become purchasers at such Sale, and that the Plaintiff may bid the amount of its Judgment in lieu of cash at said Sale; that said Appointee may, in their discretion, for good cause, adjourn or continue the Sale so advertised by oral proclamation and without further publication; that upon said Sale being made, said Appointee shall execute and deliver to the purchaser or purchasers a Certificate of Sale evidencing such purchase and describing the premises purchased and the amount paid therefore, of, if purchased by the Plaintiff, the amount of its bid and the time when such purchaser or purchasers will be entitled to a Deed to said premises, and within ten (10) days from the date of Sale, he may file a duplicate of such Certificate in the office of the MADISON COUNTY RECORDER OF DEEDS.

THAT SAID APPOINTEE, out of the proceeds of such Sale, shall retain his fee, disbursements and commissions herein and pay to the Officers of this Court their costs in this cause, and out of the remainder, pay to the Plaintiff its otherwise unreimbursed costs to be incurred subsequent to the entry of this Decree in

connection with this foreclosure Sale and perfection of the Certificate of Sale thereunder; and also out of the remainder, pay to the Plaintiff the amount by this Decree found to be due to said Plaintiff, with interest thereon at the rate of nine (9) percent per annum from the date of this Decree to the date of Sale, and if such remainder shall be more than sufficient to pay the aforesaid amounts, that he bring such surplus into the Court to abide the further Order of said Court, and that he take receipts from the respective parties to whom he might have made payment as aforesaid and file the same with his Report of Sale with the Court.

     IT IS FURTHER ORDERED that if the Plaintiff shall pay any real estate taxes, assessments or any other advances, either pursuant to the security instrument or note or pursuant to statute, as may be equitable, with respect to the property foreclosed herein during the period of redemption, the sum paid, plus statutory interest therefrom the date of payment, shall be added to the sum outstanding subsequent to Judgment and prior to Sale or the Defendants' statutory special rights of redemption, plus any additional reasonable attorney's fees incurred.

     IT IS FURTHER ORDERED that should the real estate be improved with a manufactured or mobile home, it is found that the improvement has been permanently affixed to the real estate and deemed to be real estate, transferable hereunder at any forthcoming Judicial Sale, without transfer of any title.

     IT IS FURTHER ORDERED that upon the expiration of the time specified by 735 ILCS 5/15-1603, if the premises are not redeemed according to law, and are sold at the Judicial Sale held by Appointee the Private Sales Corporation, upon confirmation of said Sale by this Court, pursuant to 735 ILCS 5/15-1509, the Defendants and all persons claiming under them or any of them since the commencement of this suit be forever barred and foreclosed of and from all rights and equity and redemption or claim of, in and to said premises or any part thereof; that in case said property shall not have been specifically redeemed as provided by statute, then upon production to the said Appointee, or his successor or duly authorized Deputy, of said Certificate of Sale by the legal holder of such Certificate, along with an Order confirming said Sale, a good and sufficient Deed or other Judicial Sale Deed of conveyance of said premises shall be

issued; that thereupon, the grantee or grantees in such Deed, or his or her legal representative or assigns, be let into possession of said premises; in default of so doing, an Order of Possession shall be provided in the Order confirming said Sale.

THE PREMISES by the Decree authorized to be sold are situated in the County of Madison, State of Illinois, and are described as follows:

> LOT 195 IN SEVENTH ADDITION TO MORRIS HEIGHTS, ACCORDING TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF MADISON COUNTY, ILLINOIS IN PLAT BOOK 46, PAGE 23, EXCEPT COAL AND OTHER MINERALS UNDERLYING WITH THE RIGHT TO MINE AND REMOVE THE SAME. SITUATED IN MADISON COUNTY, ILLINOIS.

and is commonly known as 416 BUNKER HILL, COLLINSVILLE, IL 62234, and the Permanent Tax Number is 13-2-21-21-19-401-053.

IT IS HEREBY ORDERED THAT **Private Sales Corporation** is hereby appointed Special Commissioner for the purpose of the sale by public auction of the property that is the subject matter of this action, pursuant to a Judgment of Foreclosure and Order of Sale entered herein.

THE COURT expressly retains jurisdiction of the property which is the subject of this foreclosure for the entire period of redemption and Judicial Sale, and for so long thereafter as may be necessary for the purpose of placing in possession of the premises the grantee or grantees in said Deed or other Judicial Sale Deed, or his or their legal representatives or assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises or satisfy any deficiency which may be found due to the Plaintiff.

**IT IS SO ORDERED.**

DATED: October 24, 2012.

s/ <em>Philip M. Frazier</em><br>
HON. PHILIP M. FRAZIER<br>
UNITED STATES MAGISTRATE JUDGE

6